## REED v. DARLINGTON.

1. **Contract:** DEFENSE. A party charged by law, or agreement, with a duty necessary to fix the liability of a third party to the person for whose benefit he is so charged, can, when sued for a default by such person, avail himself of any defense available to such third party if he had been sued by such person.

2. —— SET-OFF. A set-off is in the nature of a cross action, and is not a defense. To enable a party to use a set-off it must exist in his own favor and not in favor of a third party.

*Appeal from Scott District Court.*

### FRIDAY, JANUARY 5.

THE plaintiff purchased of one Wm. D. Harrah, certain real estate, and afterwards, for a valuable consideration, the said Harrah agreed to purchase the same real estate of the plaintiff at the end of three years from the first sale, at the agreed price of eighteen hundred and twenty dollars, provided the plaintiff should elect then to sell the same at that price and convey it by good and sufficient deed, with general warranty, and free from all incumbrance whatever. The said Harrah executed to plaintiff his bond with surety, specifying the agreement, and obligating himself to its faithful performance.

The defendant afterward became indebted to the plaintiff in the sum of seven hundred dollars, which was secured by a deed of trust on the same real estate. The petition alleges, that before the maturity of the bond, the plaintiff, having elected to sell and reconvey the land to Harrah at the price agreed, made a contract with defendant, whereby the plaintiff was to and did assign said bond to defendant, and execute a deed for the land to the said Wm. D. Harrah, and deliver the same to defendant, for delivery at the proper time to Harrah. And the defendant was to release the trust deed, notify Harrah of the election to sell, tender the deed and receive the money; and was then to pay himself out of it and hold the balance for plaintiff; and in case Harrah failed to pay, was to enforce collection by suit, and all expenses, including attorney's fees, were to be allowed him.

This suit is brought to recover damages from the defendant, resulting to the plaintiff, by reason of the alleged failure by defendant to release his trust deed, to notify Harrah of plaintiff's election to sell, and to tender the deed and demand payment at the time specified.

The defendant filed his answer with five counts: 1st. Admitting the substantial facts as set forth, but denying the liability by reason of other alleged facts. 2d. Alleging that there were taxes upon the land, due and unpaid, and also that the same had been sold for taxes, which were incumbrances, and that by reason thereof the deed of plaintiff to Harrah was not a compliance with the condition precedent, so as to entitle plaintiff or defendant to enforce the agreement to purchase, as against Harrah. 3d. Alleging that plaintiff had assigned his interest to another. 4th. Alleging that a creditor of plaintiff had attached the land as plaintiff's property, and afterwards recovered judgment, which was an incumbrance defeating the right to enforce the agreement as against Harrah; and 5th. Setting up a

set-off alleged to be held by Harrah at the time of maturity of the agreement to purchase, and which would have been available to Harrah, in case the defendant had sought to enforce the agreement to purchase. It is not alleged anywhere in the answer, that the defendant did release or offer to release his trust deed, or notify Harrah of plaintiff's election to sell, or tender the deed or demand the money.

The plaintiff demurred to the second, fourth and fifth counts of the answer, in substance because they did not, nor did either of them contain facts sufficient to constitute a defense. This demurrer was overruled, and the plaintiff appeals.

*John C. Bills* for the appellant.

*Davison & True* for the appellee.

COLE, J. — I. The question involved in the demurrer to the second and fourth counts, is precisely the same. It is in substance, whether a party charged, by law or agreement, with a duty necessary to fix the liability of a third party to the person for whose benefit he is so charged, can, when sued for a default by such person, avail himself of any defense which would have been available to such third party, if he had been sued by such person. By the terms of the agreement between the plaintiff and Harrah, the plaintiff was bound to convey to Harrah a title free from any incumbrance whatever. Unless such title was tendered, Harrah was under no obligations to receive it or pay the purchase price. If the deed had been duly tendered, and the money demanded, and Harrah had refused to accept or pay, it would have been a complete defense for him, in an action by the plaintiff against him, to show that there was an incumbrance upon the property by tax sale or judgment lien.

1. CON-
TRACT:
defense.

Because, his agreement was to take a title free from any incumbrance, and the tender of such title was a condition precedent to his obligation to pay. If the facts averred in the second or fourth counts of the answer were true, there could have been no recovery from Harrah, and hence, although it was the duty of the defendant to use due diligence in releasing his trust deed, notifying Harrah of the election, tendering the deed and demanding the money, yet his failure to do so has resulted in no damage to the plaintiff, since there could have been no recovery, even if defendant had done his duty. It is, at best, but a *damnum absque injuria.*

By his failure to use due diligence and discharge the duties devolved upon him by the law and his agreement, the defendant has taken upon himself the burden of proving the facts necessary to constitute a defense for Harrah, if he had been sued, after the defendant had faithfully done his duty. And he will have to prove such defense with as much particularity and completeness, as would have been required from Harrah himself, in a suit against him. In this it is analogous to the rule in actions on covenants of warranty. See *Hamilton* v. *Catts,* 4 Mass., 350; *Greenvault* v. *Davis,* 4 Hill (N. Y.), 646; *Moore* v. *Vail,* 17 Ill., 190; Rawle on Cov. for Title, 245, *et seq.*

But it is said by counsel for appellant, in argument, that it would be unjust to permit this defendant to shield himself from the consequences of his default, by availing himself of a defense existing in favor of Harrah, since it is not shown that Harrah himself would have set up such defense to an action, if defendant had done his duty. A fitting answer to this argument may be found in the suggestion, that it is not shown that Harrah, if now sued, would set up as a defense, the failure of defendant to give notice of election to sell, or to tender a deed and demand the money. The more sufficient legal answer, however, is,

Reed v. Darlington.

that in actions at law the measure of recovery is the *legal right* of the party, rather than the possibility or probability of human action. There was no error in overruling the demurrer to these counts.

II. The question made by the demurrer to the fifth count is quite a different one. What has been said as to the right of a party to avail himself of a defense existing primarily in favor of another, must be understood as limited to a *defense* strictly so called. A set-off is not a defense, but is in the nature of a cross action. To entitle a party to use a set-off, it must exist in favor of such party. The defendant in this case does not show himself to be entitled to the claim upon which the set-off is based, but shows affirmatively that it is the claim and property of Harrah. In such case, if defendant shall be allowed to avail himself of the benefit of the set-off, it will not extinguish the claim, nor exempt the plaintiff from his liability thereon to Harrah, the owner and holder of it; he could not rely upon the recovery by way of set-off in this action, as a defense to an action on the same claim by Harrah. It would, therefore, be as unjust as it is illegal, to allow this defendant to use as a set-off against the plaintiff's demand, a claim to which he is not entitled, and which, if allowed to plaintiff, would nevertheless afford no protection or exemption to defendant from liability thereon, a second time to the owner of it.

The demurrer to the fifth count, which set up a set-off, held by Harrah at the time of the maturity of the agreement to purchase, was well taken, and should have been sustained. For this error the judgment of the District Court is

Reversed.